UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALYST INC., <br><br> Plaintiff, <br><br> v. <br><br> EMPATHY CATALYST CONSULTING, <br><br> Defendant. | Case No. 24-cv-02557-SI <br><br> **ORDER VACATING JANUARY 17, 2025 HEARING ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING PLAINTIFF'S REQUEST TO ALLOW JURISDICTIONAL DISCOVERY** |

Defendant Empathy Catalyst Consulting's motion to dismiss for lack of personal jurisdiction is scheduled for a hearing on January 17, 2025. After review of the parties' papers, the Court concludes that it is appropriate to defer ruling on the motion to allow for jurisdictional discovery. Accordingly, the January 17 hearing is VACATED. The parties are directed to promptly meet and confer regarding (1) a timeframe for Catalyst to take jurisdictional discovery and (2) a timeframe for the parties to file supplemental briefs regarding the issue of personal jurisdiction, once jurisdictional discovery is complete. By January 24, 2025, the parties shall either file a stipulation regarding these matters, or they shall file a case management conference statement setting forth the competing proposed timelines, and the Court will address the timeframe at the January 31, 2025 initial case management conference.

**DISCUSSION**

Plaintiff Catalyst Inc. ("Catalyst") filed this lawsuit against defendant Empathy Catalyst Consulting ("Empathy Catalyst"), alleging claims for trademark infringement and unfair competition under federal and state law. Catalyst "is a global advisory, consulting, and research nonprofit organization that has been working to build inclusive environments and expand opportunities for women in business and the professions for over 60 years." Compl. ¶ 2. Catalyst

provides advisory and consulting services and materials on diversity, equity and inclusion ("DEI") to more than 400 public companies, private businesses, and other organizations, including entities in this District. *Id.* Catalyst is a not-for-profit consulting organization organized under the laws of Ohio, with its principal place of business in New York, New York. *Id*. ¶ 15. Catalyst has registered the CATALYST trademark "for a wide variety of goods and services related to its mission of empowering women in the workplace and promoting DEI, including consulting services, publications, and conferences." *Id*. ¶ 6. The CATALYST mark has been registered since 1984 and is incontestable. *Id*. ¶¶ 6, 35. The CATALYST mark is also registered in Canada. *Id.* ¶¶ 6, 36.

Defendant Empathy Catalyst is a for-profit consulting firm that has its principal place of business in Vancouver, Canada. *Id*. ¶ 16. Empathy Catalyst provides consultancy services focused on DEI, and it offers education, consultation, facilitation, mediation and coaching. *Id.* ¶¶ 7-8. The complaint alleges that Empathy Catalyst has clients in Canada and the United States, including in this District, and that Empathy Catalyst uses the CATALYST mark in connection with events in both countries, which it promotes using its social media platforms. *Id*. ¶¶ 9-10. Catalyst claims that Empathy Catalyst's U.S. clients include Big West Rotaract (San Jose, California), Montrose Recreation District (Montrose, Colorado), Montrose Black Canyon Rotary (Montrose, Colorado), the city of Montrose, Colorado, and The Ready ("fully distributed across the U.S." according to LinkedIn), and that Empathy Catalyst hosted a virtual DEI event for Big West Rotaract in 2021. Catalyst also claims that Empathy Catalyst advertised, and may have hosted, an in-person event in Hermosa Beach, California in 2021. Catalyst also emphasizes that Empathy Catalyst's website and social media has advertised United States-based events and that Empathy Catalyst's website and social media are accessible in the United States.

On December 9, 2024, Empathy Catalyst filed a motion to dismiss for lack of personal jurisdiction and improper venue. Empathy Catalyst contends that this Court lacks personal jurisdiction because it does not have any connection to California. Empathy Catalyst has filed the declaration of Alia Ali, the founder and principal of Empathy Catalyst. Ali states, *inter alia*, that she founded Empathy Catalyst in 2021, that all of its clients are Canadian, and that it has never had a client in California. Ali Decl. ¶¶ 3-4. Ali denies the allegations of the complaint and specifically

2

denies having hosted an event in Hermosa Beach or doing work for Big West Rotaract. *Id*. ¶¶ 10-11. In response to the Ali declaration, Catalyst has submitted screenshots from Empathy Catalyst's website and social media in support of its assertion that Empathy Catalyst has had clients in California.

Catalyst contends that this Court has specific jurisdiction over Empathy Catalyst. The Ninth Circuit has articulated three requirements for establishing specific jurisdiction over a non-resident defendant:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017) (alterations and quotations omitted). The plaintiff bears the burden of satisfying the first two prongs of the test, and if the plaintiff fails to satisfy either prong, then the district court does not have personal jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff satisfies both prongs, then the burden shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable under the third prong. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985). All three prongs of the test must be met for the district court to exercise personal jurisdiction over the defendant.

The parties' briefing applies the purposeful direction test. *See also Ayla, LLC v. Alya Skin Pty. Ltd*., 11 F.4th 972, 979 (9th Cir. 2021) ("Trademark infringement is treated as tort-like for personal jurisdiction purposes, and so we focus on purposeful direction here."). A defendant purposefully directs activity at the forum state when the defendant "(1) [has] committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm the defendant knows is likely to be suffered in the forum state." *Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Bancroft*, 223 F.3d at 1087). A defendant's contacts with a forum "would be insufficient if they were 'random, isolated, or fortuitous.'" *Ayla*, 11 F.4th at 981 (quoting *Keeton v. Hustler Mag., Inc*., 465 U.S. 770, 774 (1984)).

Here, the record is disputed as to whether Empathy Catalyst has purposefully directed

activity at California. Catalyst's opposition to defendant's motion requests leave to conduct jurisdictional discovery. "Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc*., 788 F.2d 535, 540 (9th Cir. 1986) (internal citation omitted). The Court finds that the record is insufficiently developed to resolve personal jurisdiction and that "further discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, the Court GRANTS Catalyst's request to take jurisdictional discovery and DEFERS ruling on the pending motion to dismiss until that discovery is conducted and the parties have filed supplemental briefs regarding jurisdiction.

**IT IS SO ORDERED**.

Dated: January 15, 2025

									_____
									SUSAN ILLSTON
									United States District Judge